

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc.law

ASAAD K. SIDDIQI
*Partner*
Direct: 973.457.0266
Fax: 973.457.0274
Email: asiddiqi@marc.law

January 27, 2021

**Via Electronic Filing**
Honorable Freda L. Wolfson
Chief United States District Judge
Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> RE: *Universal Property Services, Inc. v. Lehigh Gas Wholesale Services, Inc.*
> **Docket No. 3:20-CV-03315-FLW-TJB**

Dear Judge Wolfson:

This firm along with counsel admitted *pro hac vice* represent Plaintiffs Universal Property Services, Inc. and Syed Kazmi (together, "Plaintiffs") in the above-referenced matter. Pursuant to Your Honor's instruction in the Opinion dated January 13, 2021 [Doc. 56], Plaintiffs are submitting this supplemental letter brief analyzing whether Pennsylvania or New Jersey law should govern Plaintiffs' claims against Defendant Circle K Stores, Inc. ("Circle K").

## I.      Preliminary Statement

This action relates to a terminated franchise relationship, involving the acquisition of franchised gas stations and convenience stores located in Florida. In 2018, Plaintiffs became interested in acquiring certain franchised gas stations and convenience stores from Circle K. *See* Doc. 5, ¶24. During the time

Honorable Freda L. Wolfson
January 27, 2021
Page 2 of 10

when UPS was considering acquiring the locations, Plaintiffs allege that Circle K supplied them with false and misleading historical financial data for those locations. Plaintiffs further allege that although Circle K knew or should have known that the historical data that it supplied to Plaintiffs was false and misleading, Circle K never addressed the falsity or incompleteness of the disclosed information and instead proceeded to enter into 17 Security Agreements, Supply Agreements and Leases with UPS. *Id.* at ¶¶41-44. Based upon such false and misleading information, UPS also entered into franchise agreements for each of the locations with Circle K's affiliate, TMC Franchise Corp. ("TMC"). *Id.* at ¶¶45-50.

As a result, Plaintiffs have alleged the following causes of action against Circle K in the Amended Complaint, which Circle K initially moved to dismiss on the basis that Pennsylvania law should apply and the merger and integration clause in the parties' agreements bar Plaintiffs' claims.

| Count I | Violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") | Against Circle K/TMC |
| Count II | Violation of Florida Franchise Act ("FFA") | Against Circle K/TMC |
| Count III | Fraudulent Misrepresentation | Against Circle K/TMC |
| Count IV | Fraudulent Concealment | Against Circle K/TMC |
| Count V | Negligent Misrepresentation | Against Circle K/TMC |
| Count VI | Breach of Inventory Agreement | Against Circle K |
| Count XIII | Attorneys' Fees | Against All Defendants |

In response, Plaintiffs argued that the Pennsylvania choice of law provision in the Leases and Supply Agreements was narrowly drafted and would not apply to the parties' tort-based claims and as such, Plaintiffs had asserted viable claims under either New Jersey or Florida law.

Honorable Freda L. Wolfson
January 27, 2021
Page 3 of 10

On January 13, 2021, the Court found that the choice of law provision in the parties' Leases and Supply Agreements providing for Pennsylvania law was "limited solely to contract claims arising from the parties' contracts." *See* Doc. 56, p. 21. However, to determine which state's law governs the parties' tort-based claims, the Court noted that it "must weigh the factors enumerated in the Restatement to determine which jurisdiction has the most significant relationship to the claim." *Id.* Since the parties focused primarily on the application of either Pennsylvania or Florida law, the Court permitted the parties to submit supplemental letter briefs on "whether Pennsylvania or New Jersey law should apply based on the factors set forth in § 148(2) of the Restatement." *Id.* at p. 24.

## II.    Legal Argument

### A.  Whether An Actual Conflict Exists

The Court's first inquiry in determining whether it is necessary to engage in a choice of law analysis is whether an actual conflict exists as to the law of the states at issue. If no conflict exists, the law of forum state applies. *Rohm & Haas Co. v. Adco Chem. Co*., 689 F.2d 424, 429 (3d Cir. 1982) (applying New Jersey law). If a conflict exists, an analysis under the factors set forth in Section 148 of Restatement (Second) of Conflict of Laws will determine which state has the "most significant relationship" to the claim. As provided in the Court's Opinion, Plaintiffs' claims sound in fraud and misrepresentation and an analysis of those claims and defenses is required. [Doc. 56, p. 22 fn 9].

### i.    Common Law Fraudulent Misrepresentation, Fraudulent Concealment, and Negligent Misrepresentation

"[T]here is no conflict between proving fraud under New Jersey law or Pennsylvania law because both states' laws require proof of essentially the same substantive elements." *Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio*, CIV.A. 09-2751, 2011 WL 6088611, at *3 (E.D. Pa. Dec. 7, 2011). *Compare Bortz v. Noon,* 556 Pa. 489, 729 A.2d 555, 560 (Pa. 1999) (noting the elements as '(1)

Honorable Freda L. Wolfson
January 27, 2021
Page 4 of 10

[a] representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance.') (internal citations omitted) *with Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 691 A.2d 350, 367–68 (N.J.1997) (noting the five elements of common-law fraud as '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.').

In Pennsylvania, a claim of fraudulent concealment "has the same elements as the tort of intentional misrepresentation except that in a case of intentional non-disclosure the party intentionally conceals a material fact rather than making an affirmative misrepresentation." *Slippery Rock Area Sch. Dist. v. Tremco, Inc.*, CV 15-1020, 2016 WL 3198122, at *8 (W.D. Pa. June 9, 2016). Under Pennsylvania state law, a duty to speak arises when a defendant owes a fiduciary duty to the plaintiff or "as a result of one party's reliance on the other's representations, if one party is the only source of information to the other party, or the problems are not discoverable by other reasonable means." *Reichhold Chemicals, Inc. v. Millennium Intern. Technologies, Inc.,* No. 99–799, 1999 WL 270391, at *2 (E.D. Pa. May 5, 1999). Similarly, under New Jersey law, a plaintiff must plead with particularity five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Argbright v. Rheem Mfg. Co*., 258 F. Supp. 3d 470, 488 (D.N.J. 2017). Further, the "plaintiff must show that there was a duty to disclose because of a special relationship between the parties. Such a duty arises when there is

Honorable Freda L. Wolfson
January 27, 2021
Page 5 of 10

a fiduciary relationship between the parties, when one party expressly reposits trust in another party (or

such trust is necessarily implied from the circumstances), or when the relationship between the parties

is so intrinsically fiduciary that a degree of trust is required to protect the parties[.]" *Id.* at 489.

Lastly, the elements to establish a claim for negligent misrepresentation under New Jersey law

and Pennsylvania law are substantially similar. Under New Jersey law, to plead a claim

of negligent misrepresentation, a plaintiff must allege "'[a]n incorrect statement, negligently made and

justifiably relied upon'" and economic loss sustained as a consequence of that reliance. *Green v.*

*Morgan Props.,* 215 N.J. 431, 457, 73 A.3d 478 (2013). In Pennsylvania, to plead a claim

of negligent misrepresentation, a plaintiff must allege: (1) a misrepresentation of a material fact; (2)

made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent

to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on

the misrepresentation. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 466, 866

A.2d 270, 277 (2005).

Accordingly, no actual conflict exists between New Jersey and Pennsylvania law as to the

requisite elements of Plaintiffs' common law fraud and negligent misrepresentation claims (Counts III,

IV, and V).

### ii.      Equitable Fraud and the Remedy of Rescission

Plaintiffs are seeking alternative relief in the form of rescission in Count III (fraudulent

misrepresentation), Count IV (fraudulent concealment), and Count V (negligent misrepresentation).

Doc. 5, p. 48 at ¶¶4, 6, 8. Equitable remedies such as rescission can be awarded in actions for equitable

fraud, which carries a lesser burden of proof than common law fraud. *Daibo v. Kirsch*, 316 N.J. Super.

Honorable Freda L. Wolfson
January 27, 2021
Page 6 of 10

580, 591, 720 A.2d 994, 1000 (App. Div. 1998) (providing equitable remedies such as rescission or reformation as forms of relief in an action for equitable fraud).

"In New Jersey, the elements of equitable fraud are similar to that of common law fraud except that scienter, or 'knowledge of the falsity and an intention to obtain an undue advantage therefrom,' is not required." *Carrow v. Fedex Ground Package Sys., Inc.*, 16-3026 (RBK/JS), 2017 WL 1217119, at *8 (D.N.J. Mar. 30, 2017) *citing Jewish Ctr. of Sussex Cty. v. Whale*, 432 A.2d 521, 524 (N.J. 1981). "Unlike in New Jersey, 'equitable fraud is no longer a cause of action in Pennsylvania.'" *Carrow,* 2017 WL 1217119, at *8 *citing Rahemtulla v. Hassam*, 539 F. Supp. 2d 755, 771 (M.D. Pa. 2008). Here, an actual conflict exists between the laws of New Jersey and Pennsylvania with respect to equitable fraud since Plaintiffs are also seeking the alternative remedy of rescission and would arguably be foreclosed from doing so under Pennsylvania law in Counts III, IV, and V.

### iii.    Parol Evidence Rule

As evidenced by Circle K's arguments set forth in its original motion to dismiss, Circle K seeks to utilize the parol evidence rule to bar Plaintiffs' claims due to the existence of the merger and integration clause in the Leases and Supply Agreements and the additional disclaimer contained in the Supply Agreements. An actual conflict exists as to the applicability of the parol evidence rule to the case at bar because New Jersey recognizes an exception wherein it permits the introduction of extrinsic evidence to establish fraud in the inducement. *Filmlife, Inc. v. Mal "Z" Ena, Inc.,* 251 N.J. Super. 570, 573 (App. Div. 1991) ("Introduction of extrinsic evidence to prove fraud in the inducement, however, is a well recognized exception to the parol evidence rule."); *Ocean Cape*, 63 N.J. Super. at 377-78, 164 A.2d 607 ("It is well settled that a party to an agreement cannot, simply by means of a provision in a

Honorable Freda L. Wolfson
January 27, 2021
Page 7 of 10

written instrument, create an absolute defense or prevent the introduction of parol evidence in an action

based on fraud in the inducement to contract.").

Under New Jersey law, "[e]xtrinsic evidence to prove fraud is admitted because it is not offered

to alter or vary express terms of a contract, but rather, to avoid the contract or "to prosecute a separate

action predicated upon the fraud." *Id.* at 574 (*citing Ocean Cape*, 63 N.J. Super. at 378, 164 A.2d 607);

s*ee also Harker v. McKissock*, 12 N.J. 310, 323, 96 A.2d 660 (1953); *Dover Shopping Center, Inc. v.*

*Cushman's Sons, Inc.*, 63 N.J. Super. 384, 390, 164 A.2d 785 (App. Div. 1960); *Schlossman's, Inc. v.*

*Niewinski*, 12 N.J. Super. 500, 506, 79 A.2d 870 (App. Div. 1951); *The Timken Silent Automatic Corp.*

*v. Vetrovec*, 119 N.J.L. 500, 503, 197 A. 265 (Sup. Ct. 1938).

However, Pennsylvania law only recognizes an exception to the parol evidence rule for fraud in

the execution, rather than fraud in the inducement. *SodexoMAGIC, LLC v. Drexel Univ.*, 333 F. Supp.

3d 426, 450 (E.D. Pa. 2018) ("the exception for parol evidence with respect to 'fraud' applies to

'fraud in the execution,' rather than 'fraud in the inducement.'").

Here, the allegations contained in the Amended Complaint reflect that the crux of Plaintiffs'

claims relate to the various fraudulent representations and omissions made by Circle K prior to and in

an effort to induce Plaintiffs to enter into the subject agreements. Doc. 5, ¶¶41-44. Circle K does not

seem to dispute this fact, acknowledging "[a]ll but Count VI relate to alleged misrepresentations and

omissions outside of the parties' written agreement that purportedly induced Plaintiffs to enter into the

agreements." Doc. 32-1 at p. 6. As such, Plaintiffs' claims would fall within an exception to the parol

evidence rule, which is only recognized under New Jersey law and not under Pennsylvania law.

Accordingly, an actual conflict exists as to the application of the parol evidence rule.

Honorable Freda L. Wolfson
January 27, 2021
Page 8 of 10

    **iv.**    **Statute of Limitations**

To the extent that Circle K seeks to raise any statute of limitations defense, an actual conflict exists between Pennsylvania and New Jersey law as to Plaintiffs' pending claims.

The statute of limitations for a negligent misrepresentation claim in Pennsylvania is two years, while New Jersey applies a six-year statute of limitations to negligent misrepresentation claims. 42 Pa. C.S.A. § 5524(7); N.J. Stat. Ann. § 2A:14-1; *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 505 (D.N.J. 2014). Similarly, under Pennsylvania law, the statute of limitations for common law fraud is two years from the date of injury and under New Jersey law, the statute of limitations for common law fraud is six years. N.J.S.A. §§ 2A:14-1, 2; *Curtiss-Wright Corp. v. Rodney Hunt Co., Inc.*, 1 F. Supp. 3d 277, 284 (D.N.J. 2014). Accordingly, an actual conflict exists since the applicable statute of limitations for Plaintiffs' claims vary significantly under Pennsylvania and New Jersey law.

    **B.**  **"Most Significant Relationship" Test**

As stated in the Court's Opinion, where a plaintiff's action in reliance takes place in a state other than where the false representations were made, "the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:

    (a)    the place, or places, where the plaintiff acted in reliance upon the defendant's representations,

    (b)    the place where the plaintiff received the representations,

    (c)    the place where the defendant made the representations,

    (d)    the domicile, residence, nationality, place of incorporation and place of business of the parties,

Honorable Freda L. Wolfson
January 27, 2021
Page 9 of 10

      (e)    the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and

      (f)    the place where the plaintiff is to render performance under the contract which he has been induced to enter by the false representations of the defendant." [Doc. 56, pp. 22-23].

At the outset, Plaintiffs' connections to New Jersey, notwithstanding this dispute, heavily weigh in favor or applying New Jersey law. *Lord Abbett Mun. Income Fund, Inc. v. Citigroup Glob. Markets, Inc.,* CV 11-5550 (CCC), 2012 WL 13034154, at *10 (D.N.J. July 12, 2012) ("The location of Plaintiff's residence (or domicile) is an important contact favoring application of New Jersey law."); *Maniscalco v. Brother Intern. (USA) Corp.*, 709 F.3d 202, 208 (3d Cir. 2013) *citing* § 148 cmt. i. (noting, in cases of pecuniary loss, that "[t]he domicil, residence and place of business of the plaintiff are more important than are similar contacts on the part of the defendant" because "financial loss will usually be of greatest concern to the state with which the person suffering the loss has the closest relationship").

Plaintiffs are both citizens of **New Jersey** and Plaintiff UPS maintains its principal place of business in Allentown, **New Jersey**. Doc. 5, ¶¶1-2. By contrast, Circle K is a **Texas** corporation with its principal place of business in **Arizona**. Doc. 5, ¶3. The only connection that Circle K has to the State of Pennsylvania is one meeting that took place in a Pennsylvania office on December 4, 2018. This one meeting, however, took place at the conclusion of the parties' negotiations, after Plaintiffs had already received and relied on Circle K's fraudulent misrepresentations. *See* Doc. 5, ¶¶33-34. Several of the misrepresentations made by Circle K were actually made from New Jersey. *See* Doc. 5, ¶30 (verbal misrepresentations from Ciminelli to Shamikh, a New Jersey resident, were presumably made in New Jersey since Ciminelli is, too, a New Jersey resident). Plaintiffs acted in reliance on Circle K's

Honorable Freda L. Wolfson
January 27, 2021
Page 10 of 10

misrepresentations made in the State of New Jersey, which is also where Plaintiffs entered into several

supply agreements and leases on April 30, 2019 and July 10, 2019. *Id.* at ¶¶41, 43.

Even if at best it can be argued that Circle K made some misrepresentations from Pennsylvania,

this alone is insufficient to support the application of Pennsylvania law at this stage. *Lord Abbett Mun.*

*Income Fund, Inc. v. Citigroup Glob. Markets, Inc.*, CV 11-5550 (CCC), 2012 WL 13034154, at *10

(D.N.J. July 12, 2012) (finding that New Jersey law governed even though the defendant made the

alleged misrepresentations in New York, since the communications were directed to plaintiff at its

principal place of business in Jersey City, New Jersey, where the bonds at issue were ultimately sold).

## III.    Conclusion

For the reasons set forth above, Plaintiffs Universal Property Services, Inc. and Syed Kazmi,

respectfully request that the Court enter an Order finding that New Jersey law applies to Plaintiffs' tort-

based claims asserted against Circle K, including any applicable defenses.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

*/s/ Asaad K. Siddiqi*

Asaad K. Siddiqi

cc:    All counsel via ECF
       Pro hac vice counsel via email