**FAEGRE DRINKER BIDDLE & REATH LLP**
Matthew J. Fedor
Kristen N. Roshto
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7000 (tel.)
(973) 360-9831 (fax)
Matthew.Fedor@faegredrinker.com
Kristen.Roshto@faegredrinker.com

Kerry L. Bundy (*pro hac vice*)
Joshua N. Turner (*pro hac vice*)
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000 (tel.)
(612) 766-1600 (fax)
Kerry.Bundy@faegredrinker.com
Josh.Turner@faegredrinker.com
*Attorneys for Defendants Circle K Stores Inc.*
*and TMC Franchise Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSAL PROPERTY SERVICES, INC., and SYED KAZMI,<br><br>Plaintiffs,<br><br>v.<br><br>LEHIGH GAS WHOLESALE SERVICES, INC., LEHIGH GAS WHOLESALE, INC., LGP REALTY HOLDINGS LP, CIRCLE K STORES INC., and TMC FRANCHISE CORP.,<br><br>Defendants. | Civil Action No. 3:20-cv-03315-FLW-TJB<br><br>Civil Action<br><br>**DEFENDANT TMC FRANCHISE CORP.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, COUNTERCLAIM, AND JURY DEMAND**<br><br>(Document Filed Electronically) |

Defendant TMC Franchise Corp. ("TMC") for its answer and affirmative defenses to Plaintiffs Universal Property Services' ("UPS") and Syed Kazmi's ("Kazmi") (collectively, "Plaintiffs") Second Amended Complaint and asserting a counterclaim states as follows:

## The Parties

1.      Because the allegations in Paragraph 1 relate to UPS's citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

2.      Because the allegations in Paragraph 2 relate to Kazmi's citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

3.      Because the allegations in Paragraph 3 relate to Circle K Stores Inc.'s ("Circle K") citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

4.      TMC admits the allegations in Paragraph 4.

5.      Because the allegations in Paragraph 5 relate to Lehigh Gas Wholesale Services, Inc.'s citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

6.      Because the allegations in Paragraph 6 relate to Lehigh Gas Wholesale LLC's citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

7.      Because the allegations in Paragraph 7 relate to LGP Realty Holdings LP's citizenship, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

8.      Because the allegations in the first sentence of Paragraph 8 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence and therefore denies them.  As to the second sentence, TMC admits only that it is a subsidiary of Circle K, and denies the remaining allegations and characterizations contained in the second sentence of Paragraph 8.

9.      TMC admits the allegations in Paragraph 9.

10.     Because the allegations in Paragraph 10 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

11.     Because the allegations in Paragraph 11 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

12.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

### Jurisdiction and Venue

13.     Paragraph 13 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC denies the allegations in Paragraph 13.

14.     Paragraph 14 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC admits that it is not a citizen of New Jersey. Except as specifically admitted, TMC denies the remaining allegations contained in Paragraph 14.

15.     TMC admits the allegations in Paragraph 15.

16.     Paragraph 16 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC denies the allegations in Paragraph 16.

17.     Paragraph 17 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC admits that venue in this District is proper.

## The Nature of the Action

18.     TMC admits that Plaintiffs have filed this action against Defendants in connection with the sale of 17 franchised convenience stores, and that TMC entered into various agreements with UPS.  Except as specifically admitted, TMC denies the remaining allegations and characterizations contained in Paragraph 18.

19.     Because the allegations in Paragraph 19 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 19.  TMC further answers that Circle K did not act on its behalf as alleged in Paragraph 19 at any time relevant to the allegations in the Second Amended Complaint.

20.     With respect to the allegations in Paragraph 20 related to TMC, TMC denies them.  TMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

21.     Because the allegations in Paragraph 21 relate to the Lehigh Parties and Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

22.     Because the allegations in Paragraph 22 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

23.     Because the allegations in Paragraph 23 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

24.     TMC admits that it terminated the franchise agreements with UPS after providing proper notice and time to cure and after UPS failed to cure its material and substantial breaches of the franchise agreements.  With respect to the allegations in Paragraph 24 that refer to various documents, the contents of those documents speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

25.     TMC admits that UPS seeks rescission, damages, and other remedies but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

## FACTUAL BACKGROUND

26.     Because the allegations in Paragraph 26 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

27.     The allegations in Paragraph 27 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

28.     Because the allegations in Paragraph 28 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

29.     TMC denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  TMC further and specifically denies that Circle K was acting as an agent of TMC at any time relevant to the allegations in the Second Amended Complaint.

31.     Because the allegations in Paragraph 31 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 31.  Specifically, TMC denies that Ciminelli acted on behalf of TMC.

32.     Because the allegations in Paragraph 32 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 32.  Specifically, TMC denies that Ciminelli acted on behalf of TMC.

33.     Because the allegations in Paragraph 33 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 33.  Specifically, TMC denies that Ciminelli acted on behalf of TMC.

34.     Because the allegations in Paragraph 34 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 34.  Specifically, TMC denies that Frye acted on behalf of TMC.

35.     Because the allegations in Paragraph 35 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and

therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 35.  Specifically, TMC denies that Circle K acted on behalf of TMC.

36.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.  To the extent the allegations in Paragraph 36 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

37.     Because the allegations in Paragraph 37 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 37.  Specifically, TMC denies that Plaintiffs submitted business plans to it and denies that Circle K's actions were taken on behalf of TMC.

38.     Because the allegations in Paragraph 38 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 38.  Specifically, TMC denies that Circle K's actions were taken on behalf of TMC.

39.     Because the allegations in Paragraph 39 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 39.  Specifically, TMC denies that it met with Plaintiffs on December 4, 2018 and denies that Circle K's actions were taken on behalf of TMC.

40.     Because the allegations in Paragraph 40 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in

Paragraph 40.  Specifically, TMC denies that it corresponded with Plaintiffs regarding the store leases and denies that Circle K's actions were taken on behalf of TMC.

41.     Because the allegations in Paragraph 41 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 41.  Specifically, TMC denies that it provided Plaintiffs with historical sales data and denies that Circle K's actions were taken on behalf of TMC.

42.     Because the allegations in Paragraph 42 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 42.

43.     Because the allegations in Paragraph 43 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 43.  Specifically, TMC denies that it attended the December 4, 2018 meeting with Plaintiffs and denies that Circle K's actions were taken on behalf of TMC.

44.     Paragraph 44 contains a statement to which no response is required.  To the extent the allegations in Paragraph 44 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

45.     Paragraph 45 contains allegations to which no response is required.  To the extent a response is required, TMC denies Plaintiffs' characterizations of any alleged actions or inactions.

46.     Because the allegations in Paragraph 46 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  With respect to the allegation in Paragraph 46 regarding Plaintiffs' reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it.

47.     Because the allegations in Paragraph 47 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 47.  Specifically, TMC denies that it spoke with Mr. Shamikh Kazmi on or about April 1, 2019.  TMC further denies that any Circle K actions were taken on behalf of TMC.

48.     Because the allegations in Paragraph 48 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  With respect to the allegation in Paragraph 48 regarding Plaintiffs' reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it.

49.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.  To the extent a response is required, TMC denies the allegations and characterizations in Paragraph 49, including that Circle K's "authorized representatives" acted on behalf of TMC.

50.     With respect to the allegations in Paragraph 50 that refer to a document, the contents of that document speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

TMC further denies that Jessica Rezendes is a Circle K employee.  TMC admits that it provided Plaintiffs with franchise disclosure documents.

51.     The allegations in Paragraph 51 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  With respect to the allegation in Paragraph 51 regarding Plaintiffs' reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it.

52.     With respect to the allegations in Paragraph 52 that relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC admits that it provided Plaintiffs with the franchise disclosure documents.  The remaining allegations refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

53.     The allegations in Paragraph 53 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  With respect to the allegation in Paragraph 53 regarding Plaintiffs' reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it.

54.     The allegations in Paragraph 54 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  With respect to the allegation in Paragraph 54 regarding Plaintiffs' reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies it.

55.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.  To the extent a response is required, TMC denies the allegations and characterizations in Paragraph 55.

56.     Paragraph 56 contains a statement to which no response is required.  To the extent a response is required, TMC admits the allegations in Paragraph 56.

57.     Paragraph 57 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

58.     Paragraph 58 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

59.     The allegations in Paragraph 59 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

60.     The allegations in Paragraph 60 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

61.     The allegations in Paragraph 61 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

62.     Paragraph 62 contains legal statements or conclusions to which no response is required.  The allegations in Paragraph 62 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for

additional or inconsistent facts or propositions, TMC denies them.  TMC admits that Plaintiffs were obligated, but failed, to pay the full amount of their franchise and royalty fees.

63.     Paragraph 63 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

64.     Paragraph 64 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

65.     Paragraph 65 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

66.     Paragraph 66 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

67.     Paragraph 67 contains legal statements or conclusions to which no response is required.  The FTC Rule speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

68.     Paragraph 68 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC denies the allegations and characterizations contained in Paragraph 68.  TMC further denies that its actions violated any federal or state laws.

69.     Because the allegations in Paragraph 69 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

70.     Because the allegations in Paragraph 70 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC specifically states that it was not a party to the Amended Inventory Agreements between Circle K and Plaintiffs.

71.     Because the allegations in Paragraph 71 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

72.     Because the allegations in Paragraph 72 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

73.     Because the allegations in Paragraph 73 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

74.     Because the allegations in Paragraph 74 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

75.     Because the allegations in Paragraph 75 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC answers that the allegations in Paragraph 75 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

76.     Because the allegations in Paragraph 76 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

77.     Because the allegations in Paragraph 77 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

78.     To the extent the allegations in Paragraph 78 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC admits that Plaintiffs began operating the stores between July 15, 2019 and August 15, 2019.

79.     Because the allegations in Paragraph 79 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 79.  Specifically, TMC denies that it spoke with Plaintiffs within a few days of Plaintiffs' takeover of store operations regarding sales and denies that Circle K's actions were taken on behalf of TMC.

80.     Because the allegations in Paragraph 80 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 80.  Specifically, TMC denies that it spoke with Mr. Shamikh Kazmi on or about July 30, 2019 and denies that Circle K's actions were taken on behalf of TMC.

81.     Because the allegations in Paragraph 81 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

82.     Because the allegations in Paragraph 82 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

83.     Because the allegations in Paragraph 83 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

84.     Because the allegations in Paragraph 84 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

85.     Because the allegations in Paragraph 85 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

86.     Because the allegations in Paragraph 86 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

87.     Because the allegations in Paragraph 87 relate to the Lehigh Parties and Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

88.     Because the allegations in Paragraph 88 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

89.     Because the allegations in Paragraph 89 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

90.     Because the allegations in Paragraph 90 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

91.     Because the allegations in Paragraph 91 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

92.     Because the allegations in Paragraph 92 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

93.     Because the allegations in Paragraph 93 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

94.     Because the allegations in Paragraph 94 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

95.     Because the allegations in Paragraph 95 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

96.     Because the allegations in Paragraph 96 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

97.     Because the allegations in Paragraph 97 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

98.     Because the allegations in Paragraph 98 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

99.     Because the allegations in Paragraph 99 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

100.    Because the allegations in Paragraph 100 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

101.    Because the allegations in Paragraph 101 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

102.    Because the allegations in Paragraph 102 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

103.    Because the allegations in Paragraph 103 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

104.    Because the allegations in Paragraph 104 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

105.    Because the allegations in Paragraph 105 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

106.    Because the allegations in Paragraph 106 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

107.    Because the allegations in Paragraph 107 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

108.    Because the allegations in Paragraph 108 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

109.    Because the allegations in Paragraph 109 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

110.    Because the allegations in Paragraph 110 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

111.    Because the allegations in Paragraph 111 relate to UPS, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

112.    Because the allegations in Paragraph 112 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

113.    Because the allegations in Paragraph 113 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

114.    Because the allegations in Paragraph 114 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

115.    Because the allegations in Paragraph 115 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

116.    Because the allegations in Paragraph 116 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

117.    Because the allegations in Paragraph 117 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

118.    Because the allegations in Paragraph 118 relate the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

119.    Because the allegations in Paragraph 119 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

120.    Because the allegations in Paragraph 120 relate to the Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

121.    Because the allegations in Paragraph 121 relate to Circle K, the Lehigh Parties, and LGP, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

122.    Because the allegations in Paragraph 122 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

123.    Because the allegations in Paragraph 123 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

124.    Because the allegations in Paragraph 124 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

125.    Because the allegations in Paragraph 125 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

126.    Because the allegations in Paragraph 126 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

127.    Because the allegations in Paragraph 127 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

128.    Because the allegations in Paragraph 128 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

129.    Because the allegations in Paragraph 129 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

130.    Because the allegations in Paragraph 130 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

131.    Because the allegations in Paragraph 131 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

132.    Because the allegations in Paragraph 132 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

133.    With respect to the allegations in Paragraph 133 regarding Plaintiffs' conduct and investment, TMC lacks knowledge or information sufficient to form a belief as to them and therefore denies them.  TMC specifically denies that any of its actions caused Plaintiffs any damage.  TMC further specifically denies that it made any misrepresentations or omissions.

134.    Because the allegations in Paragraph 134 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

135.    Because the allegations in Paragraph 135 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 135.  Specifically, TMC denies that Circle K's actions were taken on behalf of TMC.

136.    With respect to the allegations in the first sentence of Paragraph 136, TMC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. TMC denies the allegations in the second sentence of Paragraph 136.

137.    Because the allegations in Paragraph 137 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

138.    Because the allegations in Paragraph 138 relate to the Lehigh Parties and Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

139.    Because the allegations in Paragraph 139 relate to the Lehigh Parties and Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

140.    TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.    Because the allegations in Paragraph 141 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

142.    Because the allegations in Paragraph 142 relate to the Lehigh Parties and Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

143.    The allegations in Paragraph 143 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

144.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 related to the Lehigh Parties and Circle K and therefore denies them.  TMC denies the remaining allegations and characterizations in Paragraph 144.

145.     The allegations in Paragraph 145 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

146.     The allegations in Paragraph 146 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

147.     The allegations in Paragraph 147 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

148.     The allegations in Paragraph 148 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

149.     The allegations in Paragraph 149 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

150.     The allegations in Paragraph 150 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

151.    The allegations in Paragraph 151 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

152.    The allegations in Paragraph 152 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

153.    The allegations in Paragraph 153 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

154.    The allegations in Paragraph 154 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

155.    The allegations in Paragraph 155 refer to various documents, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

156.    The allegations in Paragraph 156 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  TMC admits that it is not a party to the store leases.

157.    The allegations in Paragraph 157 refer to a document, the contents of which speak for themselves.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.  TMC further answers that it lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 157 as they relate to the Lehigh Parties and therefore denies them.

158.     The allegations in Paragraph 158 refer to a document, the contents of which speak

for themselves.  To the extent that the allegations stand for or are intended to stand for additional

or inconsistent facts or propositions, TMC denies them.

159.     The allegations in Paragraph 159 contains legal statements or conclusions to

which no response is required.  To the extent a response is required, TMC denies the allegations

contained therein therefore denies them.

## <u>CAUSES OF ACTION</u>

### COUNT I
### Against Circle K and TMC
### (FRAUDULENT MISREPRESENTATION)

160.     With respect to Paragraph 160, TMC incorporates by reference, as if fully set

forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

161.     Because the allegations in Paragraph 161 relate to Circle K, TMC lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and therefore denies them.  To the extent a response is required, TMC denies the

allegations in Paragraph 161.  Specifically, TMC denies that Circle K's actions were taken on

behalf of TMC.

162.     TMC lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 162 as they relate to Circle K and therefore denies them.  TMC

denies the remaining allegations in Paragraph 162.

163.     TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 as they relate to Circle K and therefore denies them.  TMC denies the remaining allegations in Paragraph 163.

164.     With respect to the allegations in Paragraph 164 related to Plaintiffs' alleged lack of knowledge, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC denies the remaining allegations in Paragraph 164.

165.     With respect to the allegations in Paragraph 165 related to Plaintiffs' alleged reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC denies the remaining allegations in Paragraph 165.

166.     TMC denies the allegations of Paragraph 166 and specifically denies that Plaintiffs are entitled to any relief sought in their First Cause of Action of the Second Amended Complaint.

**COUNT II**
**Against Circle K and TMC**
**(FRAUDULENT CONCEALMENT)**

167.     With respect to Paragraph 167, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

168.     Because the allegations in Paragraph 168 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 168.  Specifically, TMC denies that Circle K's actions were taken on behalf of TMC.

169.    Because the allegations in Paragraph 169 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Further, Paragraph 169 contains a statement to which no response is required.

170.    With respect to the allegations in Paragraph 170 related to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  The remaining allegations in Paragraph 170 contains legal statements or conclusions to which no response is required.  To the extent a response is required, TMC denies the allegations contained therein.

171.    With respect to the allegations in Paragraph 171 related to Circle K, TMC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. TMC denies the remaining allegations in Paragraph 171.

172.    With respect to the allegations in Paragraph 172 related to Plaintiffs' alleged lack of knowledge, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC denies the remaining allegations in Paragraph 172.

173.    With respect to the allegations in Paragraph 173 related to Circle K, TMC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. TMC denies the remaining allegations in Paragraph 173.

174.    With respect to the allegations in Paragraph 174 related to Plaintiffs' alleged actions, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC denies the remaining allegations in Paragraph 174.

175.    TMC denies the allegations of Paragraph 175 and specifically denies that Plaintiffs are entitled to any relief sought in their Second Cause of Action of the Second Amended Complaint.

**COUNT III**
**Against Circle K and TMC**
**(NEGLIGENT MISREPRESENTATION)**

176.    With respect to Paragraph 176, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

177.    Because the allegations in Paragraph 177 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  To the extent a response is required, TMC denies the allegations in Paragraph 177.  Specifically, TMC denies that Circle K's actions were taken on behalf of TMC.

178.    With respect to the allegations in Paragraph 178 related to Circle K, TMC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. TMC denies the remaining allegations in Paragraph 178.

179.    With respect to the allegations in Paragraph 179 related to Circle K, TMC lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. TMC denies the remaining allegations in Paragraph 179.

180.    With respect to the allegations in Paragraph 180 related to Plaintiffs' alleged reliance, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  TMC denies the remaining allegations in Paragraph 180.

181.     TMC denies the allegations of Paragraph 181 and specifically denies that Plaintiffs are entitled to any relief sought in their Third Cause of Action of the Second Amended Complaint.

## COUNT IV
### Against Circle K
### (BREACH OF THE INVENTORY AGREEMENT)

182.     With respect to Paragraph 182, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

183.     Because the allegations in Paragraph 183 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

184.     Because the allegations in Paragraph 184 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

185.     Because the allegations in Paragraph 185 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

186.     Because the allegations in Paragraph 186 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

187.     Because the allegations in Paragraph 187 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

188.    Because the allegations in Paragraph 188 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

189.    Because the allegations in Paragraph 189 relate to Circle K, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

## COUNT V
### Against the Lehigh Parties
### (VIOLATION OF THE PMPA)

190.    With respect to Paragraph 190, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

191.    Because the allegations in Paragraph 191 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

192.    Because the allegations in Paragraph 192 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

193.    Because the allegations in Paragraph 193 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

194.    Because the allegations in Paragraph 194 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

195.     Because the allegations in Paragraph 195 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

196.     Because the allegations in Paragraph 196 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

197.     Because the allegations in Paragraph 197 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

198.     Because the allegations in Paragraph 198 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

199.     Because the allegations in Paragraph 199 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

200.     Because the allegations in Paragraph 200 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

201.     Because the allegations in Paragraph 201 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

202.     Because the allegations in Paragraph 202 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

203.     Because the allegations in Paragraph 203 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

204.     Because the allegations in Paragraph 204 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

205.     Because the allegations in Paragraph 205 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

206.     Because the allegations in Paragraph 206 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

207.     Because the allegations in Paragraph 207 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

**COUNT VI**
**Against Lehigh Supplier**
**(BREACH OF THE SUPPLY AGREEMENT)**

208.     With respect to Paragraph 208, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

209.     Because the allegations in Paragraph 209 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

210.     Because the allegations in Paragraph 210 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

211.     Because the allegations in Paragraph 211 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

**COUNT VII**
**Against the Lehigh Parties**
**(BREACH OF THE SUPPLY AGREEMENT AND LEASES)**

212.     With respect to Paragraph 212, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

213.     Because the allegations in Paragraph 213 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

214.     Because the allegations in Paragraph 214 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

215.     Because the allegations in Paragraph 215 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

216.     Because the allegations in Paragraph 216 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

217.     Because the allegations in Paragraph 217 relate to the Lehigh Parties, TMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

**COUNT VIII**
**Against TMC**
**(VIOLATION OF ARIZONA'S CONSUMER FRAUD ACT, A.R.S. § 44-1521 et seq.)**

218.     With respect to Paragraph 218, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint.

219.     Paragraph 219 contains legal statements or conclusions to which no response is required.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

220.     Paragraph 220 contains legal statements or conclusions to which no response is required.  The Arizona Consumer Fraud Act ("ACFA") speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

221.     Paragraph 221 contains legal statements or conclusions to which no response is required.  The ACFA speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

222.     Paragraph 222 contains legal statements or conclusions to which no response is required.  The ACFA speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

223.     Paragraph 223 contains legal statements or conclusions to which no response is required.  The ACFA speaks for itself.  To the extent that the allegations stand for or are intended to stand for additional or inconsistent facts or propositions, TMC denies them.

224.     TMC denies the allegations in Paragraph 224.

225.     TMC denies the allegations of Paragraph 225 and specifically denies that Plaintiffs are entitled to any relief sought in their Eighth Cause of Action of the Second Amended Complaint.

## PRAYER FOR RELIEF

In response to Plaintiffs' "WHEREFORE" paragraph, including Paragraphs 1-12 as they relate to TMC, TMC denies that it is liable to Plaintiffs for the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

If Plaintiffs have sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by TMC and for which TMC is not liable.

## SECOND AFFIRMATIVE DEFENSE

TMC acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by the acts or omissions of Plaintiffs, or by the fault of Plaintiffs, and its admissions, amendments, agreements, or waiver, and thus any recovery might be reduced accordingly or eliminated altogether in accord with applicable statutes and common law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for compensatory and special damages and future lost profits are barred or reduced by applicable law or statute.

## TENTH AFFIRMATIVE DEFENSE

No act by TMC was fraudulent, intentional, or a breach of any contract between TMC and UPS.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims regarding TMC's alleged misrepresentations and omissions are barred, in whole or in part, because they did not rely on any of the alleged misrepresentations or omissions.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims regarding TMC's alleged misrepresentations and omissions are barred, in whole or in part, because they did not reasonably rely on any of the alleged misrepresentations or omissions, or any such reliance was unjustified as a matter of law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim under the ACFA, A.R.S. § 44-1521, *et seq.* is barred by the statute of limitations.  *See* A.R.S. § 12-541(5).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim under the ACFA is barred because the alleged conduct underlying the claim did not occur or have an effect in the State of Arizona.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the limitations and defenses set out in the applicable statutes and common law.  TMC incorporates by reference all defenses and/or limitations set forth or referenced in applicable statutes and common law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by applicable law, and TMC is entitled to and does assert all defenses and presumptions available under applicable law.

## **DEFENSES RESERVED**

TMC hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter, and hereby reserves its right to amend this Answer and to assert any such defenses.

## COUNTERCLAIM

Counterclaim Plaintiff TMC Franchise, Corp. ("TMC"), for its Counterclaim against Counterclaim Defendants Universal Property Services, Inc. ("UPS") and Syed Kazmi ("Kazmi"), collectively Counterclaim Defendants, states and alleges as follows:

## PARTIES

1.      TMC Franchise Corporation ("TMC") is an Arizona corporation.  TMC's principal place of business is 1130 West Warner Road, Tempe, Arizona 85284.

2.      UPS is a New Jersey corporation, with a principal place of business located at 6 Lenn Road, Allentown, New Jersey, 08501.  UPS is a citizen only of the state of New Jersey.

3.      Syed Kazmi is an individual and citizen of the state of New Jersey, whose residence is 6 Lenn Road, Allentown, New Jersey, 08501.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      This Court also has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367, as the Counterclaim is based upon the same facts and contracts, are interrelated, and form part of the same case and controversy as the claims asserted in the Second Amended Complaint.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Counterclaim Defendants UPS and Kazmi are citizens of New Jersey.

## FACTS

7.      With respect to Paragraph 7 of TMC's Counterclaim, TMC incorporates by reference, as if fully set forth herein, its responses to the previous paragraphs of the Second Amended Complaint and the Affirmative Defenses set forth therein.

8.      Counterclaim Defendants entered into seventeen (17) separate Franchise Agreements with TMC.  On June 27, 2019, Plaintiffs entered into five (5) Franchise Agreements for Circle K® convenience stores and six (6) Franchise Agreements for Kangaroo Express® convenience stores.  On October 4, 2020, Counterclaim Defendants entered into another Franchise Agreement for a Circle K® convenience store and five (5) more Franchise Agreements for Kangaroo Express® convenience stores.  Attached hereto as **Exhibit 1** is one of the Circle K Franchise Agreements Counterclaim Defendants executed, which is materially similar to the other Circle K Franchise Agreements Counterclaim Defendants executed.  Attached hereto as **Exhibit 2** is one of the Kangaroo Express Franchise Agreements Counterclaim Defendants executed, which is materially similar to the other Kangaroo Express Franchise Agreements Counterclaim Defendants executed.

9.      In connection with each of the Franchise Agreements, Counterclaim Defendant Kazmi entered into a Personal Guaranty (the "Personal Guaranties"), pursuant to which he became personally liable for the financial obligations of Counterclaim Defendant UPS under the Franchise Agreements.

10.     Each Franchise Agreement between Counterclaim Defendants and TMC provides for Liquidated Damages in Section 14.7(B).

11.     Counterclaim Defendants specifically agreed that upon termination of the Franchise Agreement "for any reason," UPS—and by extension, Counterclaim Defendant

Kazmi, pursuant to the Personal Guaranties—will pay to TMC Liquidated Damages, as defined in the Franchise Agreements, in an amount to be determined pursuant to Section 14.7(B) (the "Liquidated Damages Provisions").

12.     TMC and Counterclaim Defendants agreed that the Liquidated Damages Provisions were a good faith, reasonable, and fair estimate of the actual damages TMC would suffer in the event of Counterclaim Defendants' breach and termination.

13.     On January 7, 2020, TMC sent a Notice of Default ("the January 7 Letter"), attached hereto as **Exhibit 3**, to Counterclaim Defendants advising them of multiple operational and other fundamental violations of the Franchise Agreements.

14.     As outlined in the January 7 Letter, these violations included:

a.     Counterclaim Defendants' failure to maintain sufficient levels of inventory of certain products and merchandise as required under Section 8.3 of the Franchise Agreements, resulting in many products being completely out of stock;

b.     Counterclaim Defendants use of un-branded (or improperly-branded) fountain drink cups; and

c.     Counterclaim Defendants failure to maintain store and equipment.

15.     All of the aforementioned operational defaults constitute separate and distinct violations of the terms and conditions of the Franchise Agreements.

16.     Pursuant to Section 14.4 of the Franchise Agreements, Counterclaim Defendants had 30 days from the date of the written notice of default to cure any alleged breaches.

17.     The January 7, 2020 Letter provided notice to Counterclaim Defendants that a failure to correct the above-outlined violations would subject all of the Franchise Agreements to termination and would trigger Counterclaim Defendants' obligation to pay liquidated damages to TMC.

18.     On February 12, 2020, TMC sent a follow-up letter ("the February 12 Letter"),

attached hereto as **Exhibit 4**, notifying Counterclaim Defendants that they had failed to cure the

violations outlined in the January 7 Letter within 30 days.  The February 12 Letter stated that

although TMC had the right to immediately terminate the Franchise Agreements due to

Counterclaim Defendants' failure to cure the violations outlined in the January 7 Letter within 30

days, it would extend UPS's opportunity to cure the breaches until February 29, 2020.

19.     The February 12 Letter also advised Counterclaim Defendants of two additional

violations of the Franchise Agreements.  First, as of the date of that Letter, Counterclaim

Defendants had failed to pay monthly fees as required under the Franchise Agreements for

certain stores.  Second, Counterclaim Defendants also failed to submit the required monthly sales

reports pursuant to Section 11.3 of the Franchise Agreements, which made it impossible for

TMC to calculate the Royalty and Promotional Fee amounts due for those stores.

20.     Under Section 14.3 of the Franchise Agreements, Counterclaim Defendants had 5

days following written notice of default to cure their failure to pay the above-outlined amounts

due.  In the February 12 Letter, TMC demanded payment of the known outstanding monthly fees

within that 5-day period.  For the unknown amounts, TMC extended the time for Counterclaim

Defendants to submit the monthly sales reports and payments until February 29, 2020.

21.     The February 12 Letter advised Counterclaim Defendants that a failure to cure the

defaults outlined in the January 7 and February 12 Letters within the specified time periods

would result in immediate termination of the Franchise Agreements and would trigger

Counterclaim Defendants' obligation to pay liquidated damages to TMC.

22.     Counterclaim Defendants did not pay any of the outstanding sums outlined in the

February 12 Letter, nor did they ever submit the missing monthly sales reports.

23.     TMC sent Counterclaim Defendants a termination notice on April 6, 2020 terminating each of the seventeen (17) Franchise Agreements due to Counterclaim Defendants' defaults of those Agreements and failures to cure those defaults.

24.     Counterclaim Defendants have not paid TMC in accordance with the Liquidated Damages Provisions of the seventeen (17) Franchise Agreements.

**COUNT I – BREACH OF CONTRACT**

25.     TMC restates and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

26.     TMC and Counterclaim Defendants entered into seventeen (17) separate Franchise Agreements, each of which contain a liquidated damages provision.

27.     The Franchise Agreements are valid and enforceable contracts.

28.     The Liquidated Damages Provisions are valid and enforceable terms that represent a good faith, reasonable, and fair estimate of TMC's damages in the event of Counterclaim Defendants' breach and termination.

29.     TMC fully performed its obligations under the Franchise Agreements.

30.     As more fully described above, Counterclaim Defendants materially breached their obligations under the Franchise Agreements.

31.     TMC provided Counterclaim Defendants with notice and opportunity to cure its breaches.

32.     Counterclaim Defendants failed to cure their breaches within the cure period.

33.     As a result of Counterclaim Defendants' uncured breaches, TMC properly terminated the Franchise Agreements.

34.    As a result of the termination, TMC is entitled to liquidated damages pursuant to the Franchise Agreements.

35.    Counterclaim Defendants have refused to satisfy their obligations pursuant to the Liquidated Damages Provisions.

36.    As a direct and proximate cause of Counterclaim Defendants' breaches, TMC sustained damages and is entitled to recover all damages incurred as a result of Counterclaim Defendants' breaches, plus interest, costs, and attorneys' fees.

**REQUEST FOR RELIEF**

WHEREFORE, TMC demands judgment against Counterclaim Defendants providing the following relief:

A.    An award of damages, including all amounts due under the Franchise Agreements, which is in excess of $75,000;

B.    An award of all costs and expenses, including attorneys' fees, recoverable under the Franchise Agreements and applicable law; and

C.    An award of such further relief as the Court deems just, proper, and equitable.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TMC hereby demands a trial by jury for all issues so triable.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned counsel hereby certifies that this matter in controversy is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding.

## <u>LOCAL CIVIL RULE 201.1(d)(3) CERTIFICATION</u>

Pursuant to L. Civ. R. 201(d)(3), the undersigned counsel for TMC hereby certifies that the amount in controversy exceeds $150,000.

Dated: July 19, 2021               Respectfully,

                                        */s/ Matthew J. Fedor*
                                        Matthew J. Fedor
                                        Kristen N. Roshto
                                        **FAEGRE DRINKER BIDDLE & REATH LLP**
                                        600 Campus Drive
                                        Florham Park, NJ 07932
                                        (973) 549-7000 (tel.)
                                        (973) 360-9831 (fax)
                                        Matthew.Fedor@faegredrinker.com
                                        Kristen.Roshto@faegredrinker.com
                                        Kerry L. Bundy (*pro hac vice*)
                                        Joshua N. Turner (*pro hac vice*)

                                        **FAEGRE DRINKER BIDDLE & REATH LLP**
                                        2200 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN 55402
                                        (612) 766-7000 (tel.)
                                        (612) 766-1600 (fax)
                                        Kerry.Bundy@faegredrinker.com
                                        Josh.Turner@faegredrinker.com
                                        *Attorneys for Defendants Circle K Stores Inc. and TMC Franchise Corp.*