# EXHIBIT 4

TMC Franchise Corporation
PO BOX 52085
Phoenix, AZ 85072
Phone: 602-728-4249
dseeck@circlek.com

<u>Via Email and Overnight Delivery</u>
February 12, 2020

Universal Property Services Inc.
Attn: Syed Kazmi
6 Lenn Rd.
Allentown, NJ 08501

**RE:** Notice of Default dated January 7, 2020

Dear Mr. Kazmi:

I am writing on behalf of TMC Franchise Corporation ("TMC") to follow up on the Notice of Default that was issued to Universal Property Services Inc. ("UPS") on January 7, 2020, in connection with a number of violations of UPS's Franchise Agreements. Please find a copy enclosed for your reference.

Section 14.4 of each of your Franchise Agreements states as follows (emphasis added):

> ***Notice of Breach; Cure Period***. <u>Unless a different cure period is specifically provided in Section 14.3, Franchisor will not have the right to terminate this Agreement under Section 14.3 unless and until Franchisee has failed to cure the alleged breach within thirty (30) days after receipt of a written notice of default from Franchisor</u> (or during such other lesser period of time as Franchisor may require under the circumstances), subject to Section 14.5. <u>If any such default is not cured within the prescribed cure period, Franchisor will have the right to terminate this Agreement and all rights granted herein</u>.

Since the various violations set forth in each of UPS's Franchise Agreements have not been cured and the 30-day cure period has now expired, we possess the right to immediately terminate your agreements and corresponding franchises. Although we possess this right, we are not exercising it at this time. Instead, we will grant additional time to UPS, until February 29, 2020, in which to address and remedy the various defaults of its Franchise Agreements described in the attached Notice of Default. If the defaults have not been cured by the close of business February 29, the Franchise Agreements will be subject to immediate termination. If the Franchise Agreements are terminated, the post-term obligations set forth in Section 14.7, including but not limited to the requirement to pay liquidated damages equal to four years of royalty payments, will apply.

In addition to the violations contained in the attached Notice of Default, UPS has also failed to pay monthly fees for a number of its 17 stores. Because monthly sales affidavits (the Franchise Royalty & Promotional Fee Calculation Worksheets) have not been submitted for several stores, we are unable to calculate the Royalty and Promotional Fee amounts due for these stores. Since these affidavits are required to be submitted by the 5th of each month, the failure to timely submit them constitutes an additional default of UPS's Franchise Agreements. Please see below for a breakdown of outstanding monthly fees.

| Store | Monthly Fees | Amount | Reason |
|---|---|---|---|
| 2658159 | October 2019 – January 2020 | ? | Affidavits not submitted |
| 2658160 | October 2019 – January 2020 | ? | Affidavits not submitted |
| 2658156 | October – November 2019 | $3,035.38 | EFT bounced |
| 2658157 | November 2019 | $3,537.05 | EFT bounced |
| All Stores | December 2019 | $29,513.61 | EFT bounced |
| All Stores | January 2019 | ? | Affidavits not submitted |

TMC Franchise Corporation
PO BOX 52085
Phoenix, AZ 85072
Phone: 602-728-4249
dseeck@circlek.com

Section 14.3 of each of UPS's Franchise Agreements states as follows:

> **Other Conditions of Breach**. In addition to the other rights of termination contained in this Agreement, <u>Franchisee will be in material breach of this Agreement for any failure to comply substantially with any of the terms or conditions of this Agreement</u>, or to carry out the terms and conditions of this Agreement in good faith. Such material breaches will include, but are not limited to, the occurrence of any of the following events:
>
> A) **Non-Payment of Fees**. <u>If Franchisee fails, refuses, or neglects to promptly pay when due any monies owing to Franchisor or any of its Affiliates</u>, or if Franchisee fails to satisfy any third-party obligations with respect to the operation of the Store, Franchisee must remit such monies to Franchisor or satisfy such third-party obligations, as the case may be, <u>within five (5) days after receiving notice from Franchisor of the same</u>.

Therefore, please submit $36,086.40 as soon as possible and in no event later than five days. For those amounts above that are unknown, please submit both sales affidavits as well as payment of the amounts due as soon as possible. Although the Franchise Agreement states that the cure period for nonpayment is only five days, we are willing to grant you until February 29 to submit both affidavits and payment. A failure to remedy, by February 29, 2020, both the: i) nonpayment default (including the submission of all missing sales affidavits) and ii) operational defaults specified in the Notice of Default dated January 7, 2020, will subject each of your Franchise Agreements to immediate termination. If the franchises are terminated, the post-term obligations set forth in Section 14.7, including but not limited to the requirement to pay liquidated damages, will apply.

Please bear in mind that as personal guarantor of the various Franchise Agreements, you will be personally liable for the payment of all amounts due and owing if the franchises are terminated. We hereby reserve all causes of action that we may have against UPS as franchisee and you as guarantor, and this letter is sent without any prejudice to our right to bring a legal action against you for payment of the amounts owed as noted above, or for any other damages that we may incur as a result of your non-compliance with the Franchise Agreements.

Should you have any questions regarding the contents of this letter, please contact our outside counsel, Kerry Bundy, who is copied on this notice and who sent a letter of representation to UPS late last week. Thank you in advance for your anticipated cooperation.

Sincerely,
TMC Franchise Corporation

Daniel P. Seeck
Franchise Corporate Counsel

Cc:    Kerry Bundy, via email only



TMC Franchise Corporation
PO BOX 52085
Phoenix, AZ 85072
Phone: 602-728-4249
dseeck@circlek.com

---

<u>Via Email and U.S. Certified Mail</u>

January 7, 2020

Universal Property Services Inc.
Attn: Syed M. Kazmi
6 Lenn Rd.
Allentown, NJ 08501

## NOTICE OF DEFAULT

Dear Mr. Kazmi:

I am writing on behalf of TMC Franchise Corporation ("TMC") regarding your Franchise Agreements for your multiple Circle K® and Kangaroo Express® convenience stores (each a "Store" and collectively, the "Stores"). TMC prides itself on having consistent, outstanding customer service, being fully stocked, and presenting a positive image at all locations throughout our networks. When individual sites do not adhere to the standards, it impacts all similarly branded stores negatively.

To this end, Section 8.4 of each of your Franchise Agreements requires, among other things, that you "*operate the Store in strict conformity with such uniform methods, standards, and specifications as Franchisor may from time to time prescribe (including without limitation, such methods, standards, and specifications set forth in the mandatory provisions of the Business Systems Manuals) to ensure that the highest degree of quality and service is uniformly maintained.*"

Unfortunately, the Franchise Business Consultants for your Stores have observed a large number of violations of your Franchise Agreements since you have taken control of these Stores. One such violation concerns the inventory levels of the Stores' merchandise. Each Store is required to "*maintain at all times sufficient minimum inventories of products and merchandise in the Store as set forth in the mandatory provisions of the Business Systems Manuals.*"

As you know, many of your Stores have gone an extended period of time without Core-Mark or DSD vendor deliveries, and this has resulted in many items being completely out of stock. These shortages have occurred as a result of your outstanding balance due to Core-Mark, which has refused to sell you any more product until your account has been brought current. Although we understand that a dispute with your landlord has resulted in a shortened cash-flow, this does not excuse your obligations under the Franchise Agreements.



TMC Franchise Corporation
PO BOX 52085
Phoenix, AZ 85072
Phone: 602-728-4249
dseeck@circlek.com

In addition to the out-of-stocks and merchandise levels, there are additional breaches of your agreements.  Your Franchise Business Consultants have observed the stores using un-branded (or improperly branded) fountain drink cups and not properly maintaining equipment (such as fountain drink and Froster® machines).  We have also received reports that you have been paying your employees in cash.  If true, such conduct, along with the violations described above, constitutes an additional violation of the terms and conditions of your Franchise Agreements.

As your FBCs have undoubtedly communicated to you, the operational conditions described above are drastically affecting both your sales and the number of customers that you are attracting to your Stores.  We implore you to immediately take all steps necessary to a) remedy all issues outlined herein, and b) ensure timely submittal of all sales affidavits and payment of monthly fees.  A failure to correct these issues will subject your franchises to termination.  If any of your franchises are terminated, you will be required to pay liquidated damages equal to four years of royalty payments for that Store.

If you have any questions regarding this letter, please do not hesitate to contact Joe Kuklish, Director of Franchise Operations- Southeast U.S., or me.

Sincerely,
TMC FRANCHISE CORPORATION

Daniel P. Seeck
Franchise Corporate Counsel